# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 22-113V

---

| | |
|---|---|
| SUZANNE KALLIN,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: December 20, 2024 |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Jamica Marie Littles*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On February 3, 2022, Suzanne Kallin filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination administered to her on September 10, 2020. Pet., ECF No. 1. Petitioner further alleges that the vaccine was received in the United States, she suffered sequela of her injury for more than six months, and neither Petitioner nor any other party has ever received compensation in the form of an award or settlement for her vaccine-related injury. *Id.* The case was assigned to the Special Processing Unit of the Office of Special Masters.

Respondent filed his Rule 4(c) report, on May 14, 2024, arguing that this matter was not appropriate for compensation. ECF No. 37. Following briefing, a Ruling on

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. ECF Nos. 42-45.

On December 20, 2024, Respondent filed a Proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $30,000.00 in pain and suffering. Proffer at 2, ECF No. 48. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $30,000.00 in pain and suffering, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this Decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SUZANNE KALLIN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 22-113V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 3, 2022, Suzanne Kallin ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act" or "Act"), alleging that she suffered a shoulder injury related to vaccine administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza vaccine on September 10, 2020. Petition, ECF No. 1 at 1, 6.

On May 14, 2024, respondent filed his Vaccine Rule 4(c) Report, maintaining that this case is not appropriate for compensation under the terms of the Act. ECF 37. Briefing occurred thereafter, and, on November 12, 2024, Chief Special Master Corcoran issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for her SIRVA.[1] *See* Ruling on Entitlement. ECF Nos. 42-45.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's November 12, 2024, entitlement decision.

### I. Item of Compensation

Pain and Suffering

Based on the evidence of record, respondent proffers that petitioner should be awarded **$30,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

### II. Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below, and requests that the Chief Special Master's damages decision and the Court's judgment award the following:[2] a lump sum payment of **$30,000.00** for pain and suffering in the form of a check payable to petitioner.

### III. Summary of Recommended Payment

Lump sum payment to petitioner, Suzanne Kallin:   **$30,000.00**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to the entry of judgment, respondent reserves the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

2

3

/s/ *Jamica M. Littles*
JAMICA M. LITTLES
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-4014
Email: jamica.m.littles@usdoj.gov

DATED: December 20, 2024

3